[Cite as *State v. Kinstle*, 2010-Ohio-5409.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-10-29

    v.

NICHOLAS KINSTLE,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 10CRB00361

Judgment Affirmed

Date of Decision:    November 8, 2010

APPEARANCES:

    *Nicholas J. Kinstle,* Appellant

    *Anthony L. Geiger* for Appellee

Case No. 1-10-29

**PRESTON, J.**

{¶1} Appellant-defendant Nicholas J. Kinstle ("Kinstle") appeals the Lima Municipal Court judgments of conviction and sentence finding him guilty of criminal trespass, resisting arrest and obstructing official business, and sentencing him to serve 90 days in jail. For the reasons that follow, we affirm.

{¶2} On February 8, 2010, Deputies from the Allen County Sheriff's Department arrived at 3920 Running Oak Trail, Elida, Allen County, Ohio, to secure the property pursuant to a Writ of Possession issued by the Allen County Court of Common Pleas. The Writ of Possession was issued on behalf of the owner of the property, First Horizon Bank, and was executed to effectuate the removal of Jeff Lunguy, who was occupying the residence at the time.

{¶3} Upon their arrival to the premises, the Deputies encountered Kinstle who proceeded to interfere with the Deputies' attempt to secure the property by taking pictures of the Deputies and demanding that the Deputies identify themselves. The Deputies repeatedly told Kinstle to leave the premises and warned Kinstle that if he remained on the property, he would be arrested for criminal trespass. Kinstle ignored the Deputies' warnings and continued to take pictures. Kinstle was advised that he was under arrest, but resisted the Deputies' attempts to handcuff him. Eventually, the Deputies were able to successfully place Kinstle in custody and escort him off the premises.

{¶4}  Kinstle was charged with the following offenses as a result of the incident:  resisting arrest in violation of R.C. 2921.33, a misdemeanor of the second degree; obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree; and criminal trespass in violation of R.C. 2911.21(A), a misdemeanor of the fourth degree.  On March 29, 2010, a bench trial was held on the matter.  Kinstle proceeded pro se.  Four of the Deputies present during the incident testified at trial.  At the close of the evidence, the trial court found Kinstle guilty on all three charges and sentenced him to serve ninety days in jail and to pay the applicable fines associated with the offenses.

{¶5}  Kinstle filed the instant appeal, asserting the following assignment of error.

> **THE COURT IMPROPERLY GRANTED AN ORDER, WITHOUT THE SUBJECT MATTER JURISDICTION AND AUTHORITY TO DO SO, BASED ON UNCONSTITUTIONAL ACTIONS, VIOLATING APPELLANT KINSTLE'S CONSTITUTIONAL RIGHTS UNDER THE AMENDMENTS CITED IN THE LOWER CAUSE OF ACTION AFFORDED TO HIM AS A SOVEREIGN AMERICAN CITIZEN, SECURED PARTY CREDITOR.**

{¶6}  In his sole assignment of error, Kinstle "petitions" and "demands" this Court "to transfer the lower court cause of action and instant appeal to the venue of proper subject matter jurisdiction, the Federal District Court, for further or actual hearing on the issues."  (Brief at 6.)  It is apparent that Kinstle's position is based on his assertions that the Lima Municipal Court did not have subject

matter jurisdiction to hear this case and that this Court also does not have subject matter jurisdiction to review this case. After examining the relevant legal authority governing the subject matter jurisdiction of the municipal court and the appellate court, we disagree.

{¶7} The Lima Municipal Court is established by R.C. 1901.01(A). Section 1901.02(B) of the Revised Code further establishes that the Lima Municipal Court has jurisdiction within Allen County. With regard to jurisdiction over criminal matters, R.C. 1901.20 provides that as a municipal court, the Lima Municipal Court has subject matter jurisdiction "of the violation of any misdemeanor committed within the limits of its territory." R.C. 1901.20(A)(1).

{¶8} In the instant case, the charges against Kinstle stemmed from an incident that occurred at 3920 Running Oak Trail, Elida in Allen County. Moreover, each of the offenses charged against Kinstle was a misdemeanor violation. Therefore, according to the statutory authority cited above, the Lima Municipal Court had subject matter jurisdiction to hear this matter.

{¶9} Having concluded that this case was properly before the Lima Municipal Court, we next address the authority of this Court to review this case. The Ohio Constitution vests this Court with the jurisdiction to "review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Const., Art. IV, Sec 3(B)(2). Pursuant

to R.C. 2501.01(C), Allen County, where the Lima Municipal Court is situated, is within this Court's district—the Third District. Based on the foregoing, it was clearly within the bounds of this Court's jurisdiction and authority to review the case at hand.

{¶10} Kinstle's assignment of error is, therefore, overruled.

{¶11} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**